IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRUZ ANDREWS, | § | |
|        Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2681 |
| | § | |
| ARAMARK U.S. OFFSHORE | § | |
| SERVICES, LLC, | § | |
|        Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 18] filed by

Plaintiff Cruz Andrews, to which Defendant Aramark U.S. Offshore Services, LLC[1]

("Aramark") filed a Response [Doc. # 20]. Plaintiff neither filed a reply nor requested

an extension of time to do so. Pursuant to 28 U.S.C. § 1441(c)(2), the Motion to

Remand is **granted** as to the Jones Act claim and **denied** as to the general maritime

claim for maintenance and cure.

Plaintiff filed this lawsuit in Texas state court alleging that he was injured while

working for Aramark on a vessel owned by Transocean Drilling (U.S.A.) Inc.

Plaintiff asserted a Jones act claim, that is non-removable. *See* 46 U.S.C. § 30104

---

[1]   By Order [Doc. # 19] entered November 26, 2013, the Court granted Plaintiff's
unopposed Motion to Dismiss all other Defendants.

(permitting seaman to pursue Federal Employers' Liability Act ("FELA") claim against employer); 28 U.S.C. § 1445(a) (prohibiting removal of FELA claims). Plaintiff also asserted a general maritime claim against his employer for maintenance and cure.  Defendants removed the case to federal court based on federal question jurisdiction, and Plaintiff moved to remand.

If a civil action include a federal claim (such as Plaintiff's general maritime claim for maintenance and cure) and claim that is non-removable by statute (such as Plaintiff's Jones Act claim), "the entire action may be removed if the action would be removable without the inclusion of the [Jones Act] claim . . .."  *See* 28 U.S.C. § 1441(c)(1).  Upon removal, "the district court ***shall*** sever from the action" the non-removable claim and remand them to state court.  *See* 28 U.S.C. § 1441(c)(2) (emphasis added).  Accordingly, the Court will sever the Jones Act claim and remand it to state court, and will retain the general maritime claim for maintenance and cure. It is, therefore, hereby

**ORDERED** that the Motion to Remand [Doc. # 18] is **GRANTED** as to the Jones Act claim and **DENIED** as to the general maritime claim for maintenance and cure.  It is further

**ORDERED** that the Jones Act claim is **SEVERED AND REMANDED** to the 334th Judicial District Court on Harris County, Texas.

SIGNED at Houston, Texas, this 3rd day of **January, 2014**.

Nancy F. Atlas
United States District Judge